# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Respondent,<br><br>        v.<br><br>BAKARY SAIDY-KHAN,<br><br>              Appellant. | DIVISION ONE<br><br>No. 82176-8-I<br><br>UNPUBLISHED OPINION |

PER CURIAM — A jury found Bakary Saidy-Khan guilty of a felony, attempting to elude a police vehicle, and a gross misdemeanor, driving while under the influence (DUI). Saidy-Khan appeals aspects of his DUI sentence. Because it appears that the trial court unintentionally imposed costs to collect unpaid legal financial obligations (LFOs) and nonrestitution interest, we remand with directions to strike those provisions.

At Saidy-Khan's sentencing, the trial court imposed a first-time offender waiver, recommended by the defense, and sentenced Saidy-Khan to 90 days on the eluding conviction, 150 days on the DUI conviction, and 60 months of probation. The defense asked the sentencing court to find Saidy-Khan indigent. Counsel noted that Saidy-Khan had been employed as an automobile mechanic, but due to the pandemic conditions and lockdown mandates, he was no longer regularly employed and his family had been without stable housing. The court

then imposed only the victim penalty assessment on the felony count, noting that it was required to do so by law, and specifically waived other nonmandatory fees. The court stated, "I can waive all the nonmandatory fees on the DUI as well." Nevertheless, the gross misdemeanor judgment and sentence includes preprinted, boilerplate language stating that the "defendant shall pay costs of services to collect unpaid legal financial obligations." And it includes additional preprinted language imposing interest from the date of the judgment on all financial obligations imposed.

Saidy-Khan argues that because he was indigent at the time of sentencing and the trial court indicated its intent to waive all but mandatory LFOs, it is appropriate to remand for the court to strike the provision imposing collection fees. We agree.

When a trial court intends to waive discretionary LFOs and inadvertently imposes them, we routinely remand to strike the financial obligations. State v. Peña Salvador, 17 Wn. App. 2d 769, 791-92, 487 P.3d 923, review denied, 198 Wn.2d 1016 (2021); State v. Dillon, 12 Wn. App. 2d 133, 152-53, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020). Collection costs are discretionary. See RCW 36.18.190 (court "may" assess costs paid to collection agencies). The State suggests that the court's intent to waive all discretionary fees is unclear, and therefore, we should remand, not to strike, but for the trial court to conduct the required individualized analysis of Saidy-Khan's ability to pay the discretionary fee. See State v. Blazina, 182 Wn.2d 827, 837-38, 344 P.3d 680 (2015). But, based on the trial court's statement about waiving "all the

2

nonmandatory fees on the DUI as well," it is fair to assume the court did not intend to impose collection costs. We remand to strike this provision.

In addition, RCW 10.82.090(1) now requires that "no interest shall accrue on nonrestitution legal financial obligations." The provision in the DUI judgment and sentence that imposes interest on all financial obligations imposed in the judgment is thus not permitted under the statute. The appropriate remedy is to remand with instructions to strike the nonrestitution interest provision. Dillon, 12 Wn. App. 2d at 153.

We remand with directions to strike the collection costs and the provision imposing interest on nonrestitution LFOs.

Andrus, A.C.J.

Mann, C.J.

Dwyer, J.